**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-30140 |
| Plaintiff-Appellee, | D.C. No. 3:97-cr-00068-HRH-1 |
| v. | |
| CYRUS D.A. BRASWELL, AKA Cyrus Dennis Braswell, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Cyrus D.A. Braswell appeals pro se from the district court's order denying his motion for a retroactive sentence reduction under the First Step Act of 2018 and granting his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Braswell first contends that, under § 3582(c)(2), the district court was required to resentence him to a term within the 188-235 month amended Guidelines range resulting from the application of Amendment 750. The district court did not abuse its discretion by reducing Braswell's sentence to time served. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). As the district court correctly noted, Braswell had already served 260 months of his sentence—a period longer than the high end of the amended Guidelines range—and therefore could not receive a sentence reduction below time served. *See* U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

Braswell next contends that the district court erred by denying his motion for sentence reduction under § 404(b) of the First Step Act, which, *inter alia*, permits retroactive application of § 2 of the Fair Sentencing Act of 2010 for certain crack cocaine offenses. *See United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020). The district court did not abuse its discretion by concluding that Braswell was not entitled to relief under the First Step Act. *See id*. As the court correctly noted, the mandatory minimum sentence and Guidelines range applicable to Braswell were unchanged by the retroactive application of the Fair Sentencing Act because his original offense involved 1,942 grams of crack cocaine. *See id.* (noting that § 2 requires that a covered offense involve 280 or more grams of crack cocaine, rather

than only 50 or more grams, in order to trigger a sentence of 10 years to life).

Moreover, contrary to Braswell's contentions, the First Step Act does not authorize a plenary resentencing at which the district court can reconsider its original sentencing determinations. *See id.* at 475.

Braswell also challenges the district court's separate order denying, as an unauthorized second or successive motion under 28 U.S.C. § 2255, his motion to dismiss the indictment. Braswell previously sought to challenge this order, but this court denied him a certificate of appealability in Appeal No. 19-35642. Braswell's contentions regarding the sufficiency of the indictment are therefore not properly before us, and we will not consider them.

We also decline to consider Braswell's remaining arguments as not properly before this court.

All pending motions are denied.

**AFFIRMED.**